1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RECYCLE FOR CHANGE,

          Plaintiff,

    v.

CITY OF HAYWARD,

          Defendant.

Case No. 15-cv-05092-WHO

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 7

## INTRODUCTION

On October 13, 2015, the Hayward City Council passed Ordinance Nos. 15-22, 15-23, and 15-24 ("the Ordinances") which amend Section 10-1.2735.i, and other related sections, of the Hayward Municipal Code. The Ordinances regulate unattended donation and collection boxes ("UDCB") within the city's limits. The Ordinances will likely eventually impact plaintiff Recycle for Change ("Recycle"), a nonprofit organization that receives donations of used textiles in UDCBs, recycles them, and uses the revenue from the recycling activities to support charitable causes. On November 10, 2015, Recycle filed a motion for temporary restraining order ("TRO"), arguing that the Ordinances amount to an unconstitutional prior restraint on free speech and denial of equal protection due to differing treatment of UDCB owners under the regulations, and that Recycle would be irreparably injured as a result. Mot. [Dkt. No. 7].

I DENY Recycle's motion based on of a lack of irreparable injury. I further STAY this matter pending the outcome of Recycle's motion for a preliminary injunction in the related case *Recycle for Change v. City of Oakland*, No. 15-cv-5093-WHO (N.D. Cal.) (filed November 5, 2015), the hearing on which has been set for January 13, 2016.

## DISCUSSION

In order to obtain a TRO, a plaintiff "must establish that he is likely to succeed on the

United States District Court
Northern District of California

1    merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

2    balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking*

3    *Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009) (internal citations

4    removed).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear

5    showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555

6    U.S. 7, 22 (2008).

7        The question on the irreparable harm factor is "whether the applicant will be irreparably

8    injured absent a stay." *Leiva–Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (internal

9    quotation marks and citations omitted).  Such irreparable harm must not simply be "possible" --

10   instead, the moving party is required to "demonstrate that irreparable injury is *likely* in the absence

11   of an injunction." *Id.* (internal quotation marks and citations omitted) (emphasis in original).  "A

12   plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

13   plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive

14   relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)(emphasis in

15   original).

16       Here, Recycle cannot establish such immediate harm.  The pertinent section of the

17   Hayward Municipal Code specifies that owners of existing UDCBs should apply for permits

18   within 30 days of the effective date of the regulation (October 13, 2015) but that nonconforming

19   bins can lawfully remain on the site for a period not to exceed one year.  Section 10-

20   2735(i)(3)(d)(i)-(ii).  Additionally, applications for new UDCBs will be accepted beginning 60

21   days from the regulation's effective date.  Section 10-2735(i)(3)(d)(iii).  Therefore, even if

22   Recycle has not applied for permits for its UDCBs, its bins will not be removed until October 13,

23   2016, provided Recycle meets maintenance standards.  It is not an irreparable injury to file the

24   application required by the Ordinances.  *See Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053,

25   1068 (9th Cir. 2014) ("Irreparable harm is traditionally defined as harm for which there is no

26   adequate legal remedy, such as an award of damages.").  As such, any harm that Recycle may

27   suffer as a result of the Ordinances is not so immediate as to require a TRO.

28       I am staying this case until the preliminary injunction motion in the related case is decided.

2

While the Ordinances are different from the Oakland ordinance at issue in the related case, the subject matter is similar and the law undergirding the analysis of the issues will likely be substantially the same.  Therefore, for reasons of judicial economy and the orderly administration of justice, it makes sense to enter a short stay to better inform the parties of the Court's view of the law that will apply here.

**CONCLUSION**

Recycle's request for a TRO is DENIED.  Further proceedings are STAYED pending the Court's decision on the hearing for preliminary injunction in *Recycle for Change v. City of Oakland*, currently set for January 13, 2016.

**IT IS SO ORDERED**.

Dated: November 20, 2015

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3